# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>YOHAN NOE LOPEZ-ACOSTA, EDGAR HERBERTO RODRIGUEZ-MORALES, JUAN CARLOS VARGAS-GARCIA, CARLOS ARMANDO CORONA-SANCHEZ,<br><br>　　　　　　　Defendants. | CASE NO. 8:13CR275<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on the Findings and Recommendations (the "F&R") (Filing No. 78) issued by Magistrate Judge Thomas D. Thalken recommending that the motions to suppress filed by Defendant Carlos Armando Corona-Sanchez ("Corona-Sanchez") (Filing No. 60, 61, 62) be granted in part. Corona-Sanchez filed Objections to Judge Thalken's Findings and Recommendations (Filing No. 79) with respect to his motion to suppress, and he filed a supporting brief (Filing No. 80) as allowed by 28 U.S.C. § 636(b)(1) and NECrimR 59.2(a). The government did not file any objections nor did it respond to Corona-Sanchez's objections. For the reasons stated below, Corona-Sanchez's objections to the F&R are overruled, the F&R is adopted, and Corona-Sanchez's motions to suppress will be granted in part.

## FACTUAL BACKGROUND

Corona-Sanchez is charged in the Superseding Indictment (Filing No. 48) along with Yohan Noe Lopez-Acosta ("Lopez-Acosta"), Edgar Herberto Rodriguez Morales, and Juan Carlos Vargas-Garcia, with a conspiracy to distribute more than 500 grams of

methamphetamine during the period of November 27, 2012, and July 16, 2013. Corona-Sanchez is also charged in a Forfeiture Allegation.

Corona-Sanchez seeks to suppress: (1) evidence obtained from a GPS location data search warrant and court order (Filing No. 60); (2) statements made by Corona-Sanchez to law enforcement officers in California on July 16, 2013 (Filing No. 61); and (3) evidence seized by law enforcement officers from Corona-Sanchez's California apartment on July 16, 2013 (Filing No. 62).

Magistrate Judge Thalken held an evidentiary hearing on May 6, 2014. In the F&R, Judge Thalken recommended that Corona-Sanchez's motion to suppress statements (Filing No. 61) be granted to the extent that his statements during the traffic stop were related to money at his apartment, but that the motion be denied in all other respects. Judge Thalken also recommended that Corona-Sanchez's remaining motions (Filing Nos. 60, 62) be denied.

In the F&R, Judge Thalken provided a written account of the events surrounding Corona-Sanchez's arrest. (Filing No. 78 at 2-6.) The Court considered the transcripts of the hearings conducted by Judge Thalken and carefully reviewed the evidence. There are no objections to Judge Thalken's factual findings. Based on a de novo review of the record, the Court adopts those factual findings, unless otherwise indicated.

By way of summary, as a part of an investigation, Lopez-Acosta was arrested by Homeland Security Investigations ("HSI") agents on July 15, 2013. HSI agents conducted a search of his apartment and discovered approximately 2.7 pounds of methamphetamine. An additional 10 pounds of methamphetamine was found inside a vehicle in Lopez-Acosta's garage. Lopez-Acosta told the HSI agents that the narcotics

in his garage belonged to a man he knew as "Gordo." He also told the agents that two individuals were scheduled to arrive shortly to retrieve the narcotics in the garage. Thereafter, Lopez-Acosta engaged in a consensually-monitored phone call with "Gordo."[1]

At 11:00 p.m. on June 15, 2013, one of the arresting HSI agents, Agent Allrich, sought a search warrant for "Gordo's" cellular phone ("target phone") using the number Lopez-Acosta provided. Agent Allrich also requested an order directing Sprint/Nextel Corporation ("Sprint") to provide HSI with GPS location data (the "GPS data")[2] pertaining to the target phone's location. Magistrate Judge F.A. Gossett of this Court issued the order (the "Order")[3] pursuant to 18 U.S.C. §§ 2703(c)(1)(A) and 2711(3)(A), and Federal Rule of Criminal Procedure 41. An HSI agent executed the Order on July 15, 2013.

---

[1] Corona-Sanchez has not objected to any legal conclusions in the F&R related to Lopez-Acosta's arrest, the search immediately following his arrest, or the consensually-monitored phone call.

[2] The affidavit supporting the petition explained that "providers of cellular telephone service have technical capabilities that allow them to collect and generate at least two kinds of information about the locations of the cellular telephones to which they provide service: (1) E-911 Phase II data, also known as GPS data or latitude-longitude data, and (2) cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself . . . .[C]ell-site data is typically less precise . . . ." (Aff. in Support of Application for Search Warrant, Ex. 1; *see also* 8:13MJ221, Filing No. 1 at ECF 6.) The Order directed Sprint to provide HSI agents with GPS data from the target telephone for a period of thirty (30) days from the date of the issuance of the Order, July 15, 2013, or until such time as the investigative goals have been accomplished. (Ex. 1; *see also* 8:13MJ221, Filing No. 1 at ECF 5.)

[3] In the F&R, Judge Thalken referenced the "warrant and order" obtained by HSI. (e.g. Filing No. 78 at 3.) During the hearing, "ping warrant," "warrant," "order," and "ping order" were used interchangeably to refer to the Order signed by Judge Gossett contained in Exhibit 1. For the reasons explained below, the Court finds that HSI acted pursuant to a court order, rather than a warrant and order. For this reason, the Court will refer to the Order, where Judge Thalken referred to a warrant and/or order in the F&R.

Pursuant to the Order, Sprint provided HSI investigators with prospective GPS data showing the real-time[4] location of the target phone. Investigators learned that the target phone was frequently at an address in Downey, California, the same location the target phone was located when Lopez-Acosta called it on July 15, 2013. After learning this information, HSI Agent Stone conducted surveillance at the California address. He was later joined by more HSI agents, including Agent Fernandez. Agent Fernandez witnessed an individual matching "Gordo's" description leaving the apartment complex with a female. The two left in a white SUV. Agent Stone learned from the GPS data that the target-phone signal was moving in the same direction as that of the individual matching "Gordo's" description. Agent Stone relayed this information to agents who were following the white SUV. Those agents subsequently conducted an investigative traffic stop.

**STANDARD OF REVIEW**

Under 28 U.S.C. § 636(b)(1)(C), the Court must make a de novo determination of those portions of the findings and recommendation to which the defendant has objected. The Court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendation. *Id.* The Court may also receive further evidence or remand the matter to the magistrate judge with instructions. *Id.*

**DISCUSSION**

Corona-Sanchez makes the following objections to Judge Thalken's Findings and Recommendations:

---

[4] GPS data include historical location data and prospective location data, also known as real-time location data. The Order directed Sprint to provide HSI with historical data, from July 15, 2013, as well as prospective data.

> 1. The Court erred in finding that the order directing Sprint to provide HSI with GPS location data was validly issued and permissible under 18 USC § 2703(c)(1)(B) and (d).
>
> 2. The Court erred in failing to find that all of the evidence was derived as a result of the unlawful order for GPS location data, and must be suppressed and excluded under the Fourth Amendment exclusionary rule and "fruit of the poisonous tree" doctrine.
>
> 3. The Court erred in applying the good faith exception to the exclusionary rule based upon a finding that HSI Agent Allrich reasonably relied on the validity of 18 USC § 2703(c)(1)(B) in obtaining the GPS location data.

(Filing No. 79 at ECF 1 (internal citations omitted).)

**I. The Document at Issue**

At the hearing on Corona-Sanchez's motions to suppress, there was confusion regarding which documents HSI relied on in obtaining the GPS data from Sprint. Special Assistant U.S. Attorney Martin J. Conboy explained that several superfluous documents were inadvertently filed under seal at 8:13MJ221. (Tr., Filing No. 77, 20:3-25:14.) The filed documents included a search warrant signed by Judge Gossett. At the hearing, Mr. Conboy explained that the government did not rely on the warrant, and that Exhibit 1 was the "subject of the hearing." (Filing No. 77 at ECF 20-21.) Exhibit 1 contains the following documents: Application for a Search Warrant; Affidavit in Support of Application for Search Warrant; Attachment B; Order; and Return. After reviewing the record, the Court finds that the Order found in Exhibit 1 is the document HSI relied on in obtaining the GPS data from Sprint.

Judge Gossett found probable cause to conclude that monitoring of the GPS data would "lead to evidence which is relevant and material to an investigation." (Ex. 1). The Order directed Sprint to provide the HSI agents GPS data from the target phone for

a period of 30 days from the date of the Order, or until such time as the investigative goals were accomplished, whichever date was earlier.

## II.     18 U.S.C. § 2703(c)(1)(B) and (d).

The Order states that it is based on the government's application and affidavit. It also states that it was issued pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c) and (d). Under the Stored Communications Act ("SCA"), 18 U.S.C. §§ 2701-2712, when a governmental entity obtains a court order under 18 U.S.C. § 2703(d), that entity may require a provider of electronic communication service to disclose information pertaining to a subscriber to, or customer of, such service. 18 U.S.C. § 2703(c)(1)(B). Such an order for disclosure "may be issued by any court that is a court of competent jurisdiction and shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the . . . information sought [is] relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). For purposes of 18 U.S.C. § 2703(d), a court of competent jurisdiction includes magistrate judges of any district court of the United States that "has jurisdiction over the offense being investigated . . . ." 18 U.S.C. § 2711(3)(A)(i).

Here, the Order was issued by a court of competent jurisdiction. The Order was issued by Judge Gossett, a magistrate judge of the United States District Court for the District of Nebraska. The investigation at issue was initiated based on events occurring in Nebraska. The offenses being investigated, money laundering and conspiracy to distribute methamphetamine, are offenses over which the United States District Court

6

for the District of Nebraska has jurisdiction.[5] Further, the affidavit attached to Exhibit 1 shows that HSI communicated specific and articulable facts showing reasonable grounds to believe that the information sought was relevant and material to an ongoing criminal investigation.[6]

For the reasons stated above, the Court finds that the Order was properly issued under 18 U.S.C. § 2703(c)(1)(B) and (d).

### III. Fourth Amendment Issue

Corona-Sanchez's objection to the "validity" and "permissibility" of the Court's Order goes beyond the Order's validity under the plain text requirements of 18 U.S.C. § 2703(c)(1)(B) and (d). In his brief (Filing No. 80), Corona-Sanchez argues that execution of the Order constituted a warrantless search; therefore, the search violated his Fourth Amendment rights. Corona-Sanchez argues that the Order is not the functional equivalent of a warrant because Judge Gossett did not have jurisdiction to issue a warrant under Federal Rule of Criminal Procedure 41(b), the Order allowed HSI to obtain GPS data even when Corona-Sanchez was in a location where he had a

---

[5] "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. Money laundering and conspiracy to distribute methamphetamine are offenses against the laws of the United States. *See* 18 U.S.C. § 1956; 18 U.S.C. § 371; 21 U.S.C. § 841(a)(1).

[6] In the Affidavit in Support of Application for Search Warrant, Agent Allrich indicated the proposed warrant and order were in relation to a violation of 21 U.S.C. §§ 841(a)(1) and 846 (Ex. 1; *see also* 8:13MJ221, Filing No. 1 at ECF 6-10.) Agent Allrich also stated that he believed probable cause existed to issue a warrant and order based on the methamphetamine found at Lopez-Acosta's apartment, Lopez-Acosta's statement that the narcotics belonged to "Gordo," and because agents believed the consensually-monitored phone call corroborated Lopez-Acosta information: *i.e.*, "Gordo" would be sending people to retrieve the narcotics (*Id.*). Agent Allrich also stated that GPS data from the target phone would lead to evidence of drug trafficking and identification of individuals involved in drug trafficking. (*Id.*)

7

reasonable expectation of privacy, and 18 U.S.C. § 2703(c)(1)(B) and (d) does not require probable cause and specificity.

Neither the Eighth Circuit nor the Supreme Court has held that under the Fourth Amendment a warrant is required to obtain GPS data from a provider of cellular phone service.[7] On finding that Judge Gossett had jurisdiction to issue the Order under 18 U.S.C. § 2703(c)(1)(B) and (d), Judge Thalken did not reach the question of whether Judge Gossett had jurisdiction to issue a warrant under Rule 41(b). Judge Thalken found, and this Court agrees, that even if the Order does not meet the constitutional requirements of a warrant the *Leon*[8] good-faith exception applies because HSI reasonably "relied on a valid act of Congress when carrying out their duties as law enforcement personal." (F&R at ECF 9 (citing *United States v. Watson*, 423 U.S. 411, 416 (1976)).); *see also United States v. Davis*, 12-12928, 2014 WL 2599917 (11th Cir. June 11, 2014) (holding that, even though the defendant's Fourth Amendment rights were violated when the government obtained cell-site location information without showing probable cause, the good faith exception applied because the government relied on the SCA in obtaining the information). Accordingly, information obtained pursuant to the Order, and any fruits that information, should be excepted from the exclusionary rule and not suppressed.

---

[7] In *Jones*, the Supreme Court held that "installation of a GPS device on a target's vehicle, and its use of that device to monitor the vehicle's movements, constitutes a 'search.'" *United States v. Jones*, 132 S. Ct. 945, 949 (2012). This case is distinguishable from *Jones* which involved the attachment of a GPS device and was decided under the "trespass" theory rather than the "privacy" theory. *See id.* at 955. The Supreme Court did not address collection of GPS data from cellular phone service providers.

[8] *United States v. Leon*, 468 U.S. 897 (1984).

IT IS ORDERED:

1. The Judge Thalken's Findings and Recommendation (Filing No. 78) are adopted;

2. Corona-Sanchez's motion to suppress statements (Filing No. 61) is granted to the extent that his statements during the traffic stop relating to money at his apartment will be suppressed, but the motion is denied in all other respects;

3. Corona-Sanchez's remaining motions (Filing Nos. 60, 62) are denied; and

4. Corona-Sanchez's Objections (Filing No. 79) are overruled.

Dated this 4th day of August, 2014.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge